## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| VICKIE RENEE AUSTIN, Independent Administrator of the ESTATE OF CONRAD ROGERS, SR., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-24-333-PRW |
| TONY C. AGHAJI ENWEREMADU, et al., | ) ) ) | |
| Defendants. | ) ) | |

## <u>ORDER</u>

Before the Court is Plaintiff's Motion to Remand and Supporting Brief (Dkt. 9). This matter is fully briefed. For the reasons stated below, Plaintiff's Motion (Dkt. 9) is **DENIED**.

### *Background*

Plaintiff filed this case on February 20, 2024, before the District Court of Garvin County, Oklahoma, asserting claims against Defendants Globe Transportation Inc., Bakhtierzhon Mominov, Tony C. Aghaji Enweremadu, John Does 1-20, and John Doe Companies 1-20 (Dkt. 1-1). Defendants Globe Transportation and Mominov ("Defendants") removed the case to this Court on the basis of diversity of citizenship on

1

April 3, 2024 (Dkt. 1).[1] Plaintiff then filed her Motion to Remand (Dkt. 9), arguing that Defendants' removal was outside the 30-day window afforded by 28 U.S.C. § 1446.

### Legal Standard

"[A]ny civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants[.]"[2] For removal to be timely, a defendant must file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]"[3] When there are multiple defendants, "all defendants who have been properly joined and served must join in or consent to the removal of the action."[4] A later served defendant can file a notice of removal, and "any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal."[5]

Because federal courts are courts of limited jurisdiction, "there is a presumption against [federal jurisdiction]."[6] The party invoking federal jurisdiction bears the burden of

---

[1] No other defendant has been served in this action, and Plaintiff does not argue that any other defendant was required to consent to removal. *See* 28 U.S.C. § 1446(b)(2)(A) (requiring only "properly joined and served" defendants to consent to removal).

[2] 28 U.S.C. § 1441(a).

[3] 28 U.S.C. § 1446(b)(1).

[4] 28 U.S.C. § 1446(b)(2)(A).

[5] 28 U.S.C. § 1446(b)(2)(C).

[6] *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) (citations omitted).

demonstrating that jurisdiction is proper.[7] Removal statues are to be strictly construed, and doubts generally must be resolved against removal.[8]

## *Discussion*

Defendants alleged in their Notice of Removal (Dkt. 1) that they were improperly served under Oklahoma service rules, so the 30-day window for removal under 28 U.S.C. § 1446(b)(1) did not begin until they waived service of process in their Notice of Removal on April 3, 2024, making their removal timely.[9] In seeking remand, Plaintiff argues that Defendants were properly served on February 26, 2024, so their removal to this Court on April 3, 2024, falls outside the 30-day removal window.[10] Plaintiff further argues that even if Defendants were improperly served, they did not file a 12(b)(5) motion or contest service in Oklahoma state court, so any argument regarding insufficient service has been waived.[11] In their Response, Defendants state that they "will not dispute that [Globe Transportation] was properly served on February 26, 2024."[12] Regardless, Defendants argue, Mominov was not properly served under Oklahoma law, so his removal upon waiver of service, and Globe Transportation's consent to his removal, was timely.[13]

---

[7] *See id.* at 910 (citing *F & S Constr. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir. 1964)).

[8] *Fajen v. Found. Rsrv. Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982) (citations omitted).

[9] Defs.' Notice of Removal (Dkt. 1), at 3.

[10] Pl.'s Mot. to Remand (Dkt. 9), at 5–8.

[11] *Id.* at 8–9.

[12] Defs.' Resp. (Dkt. 13), at 4 n.1.

[13] *Id.* at 5, 8.

The removal clock begins to run at the time that a defendant is properly served or waives service, because "[s]ervice of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant."[14] So without proper service, "the thirty-day period for filing a notice of removal set forth in 28 U.S.C. § 1446(b) never start[s] to run."[15] For this reason, whether Mominov was properly served on February 26, 2024, determines whether his removal on April 3, 2024, and Globe Transportation's consent to removal, was timely under § 1446(b)(1).

Oklahoma service rules dictate whether service on Mominov was proper.[16] As relevant here, the Oklahoma Pleading Code permits service on an individual via certified mail.[17] "Service by mail shall be accomplished by mailing a copy of the summons and petition by certified mail, return receipt requested and delivery restricted to the addressee."[18] For purposes of default judgment, acceptance of service by mail by an

---

[14] *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). *See, e.g.*, *Jenkins v. MTGLQ Invs.*, 218 F. App'x 719, 724 (10th Cir. 2007) (unpublished); *Clemens v. Companion Life Ins. Co.*, No. CIV-22-441-R, 2022 WL 3229973, at *2 (W.D. Okla. Aug. 10, 2022); *Ham v. CarMax Auto Superstores, Inc.*, No. 1:23-cv-01057-DHU-JFR, 2024 WL 2091862, at *2–3 (D.N.M. May 9, 2024); *Di Loreto v. Costigan*, 351 F. App'x 747, 751 (3d Cir. 2009) (unpublished) (citing *Murphy Bros.*, 526 U.S. at 350); *Bliss v. United Parcel Serv., Inc.*, No. 2:23-cv-47-KJD, 2023 WL 4540532, at *4 (D. Vt. July 14, 2023).

[15] *See Jenkins*, 218 F. App'x at 724 (citing *Murphy Bros.*, 526 U.S. at 350).

[16] *Wallace v. Microsoft Corp.*, 596 F.3d 703, 706 (10th Cir. 2010) ("[F]ederal courts in removed cases look to the law of the forum state . . . to determine whether service of process was perfected prior to removal." (citing *Freight Terminals, Inc. v. Ryder Sys., Inc.*, 461 F.2d 1046, 1052 (5th Cir. 1972))).

[17] Okla. Stat. tit. 12, § 2004(C)(2)(b).

[18] *Id.*

4

individual residing at an individual defendant's "dwelling house or usual place of abode" constitutes acceptance by the party addressed.[19] Oklahoma law requires substantial compliance with service of process rules.[20]

Plaintiff attempted to effectuate service on Mominov via certified mail. Plaintiff argues that this service was proper because the mail was delivered on February 26, 2024, to the address listed for Globe Transportation's registered office, and Mominov is both the registered agent of Globe Transportation and listed as the owner of the address.[21] Plaintiff submitted receipts of this service on March 25, 2024.[22] The receipts, however, contain no date indicating when they were received and were not marked restricted delivery as required by the Oklahoma Pleading Code.[23]

"[T]he failure to specify restricted delivery" may not be fatal under the substantial compliance standard when "service is delivered to or refused by the addressee, or by an authorized person."[24] But that is not the case here. The receipts reflect that service was accepted by an Andy Risley.[25] However, in a sworn affidavit, Mominov states that he does

---

[19] Okla. Stat. tit. 12, § 2004(C)(2)(c). *See Hukill v. Oklahoma Native Am. Domestic Violence Coal.*, 542 F.3d 794, 798 (10th Cir. 2008).

[20] *Graff*, 814 P.2d at 493.

[21] Globe Transportation's Annual Report (Dkt. 9, Ex. 1); Property Report (Dkt. 9, Ex. 2).

[22] Receipts of Service (Dkt. 1, Exs. 3, 4).

[23] *See Velasco v. Ruiz*, 457 P.3d 1014, 1017–18 (Okla. 2019) (reasoning that the use of the word "shall" in the statute means that restricted delivery is mandatory when effectuating service by mail).

[24] *Hukill*, 542 F.3d at 802.

[25] Receipts of Service (Dkt. 1, Exs. 3, 4).

5

not know Andy Risley, and did not authorize him to accept service on his behalf.[26] Further, Defendants provided a lease which reflects that the address has been leased to another individual since December 15, 2022—more than a year prior to the attempted service.[27] Thus, acceptance by anyone residing at the address cannot create a presumption of acceptance by Mominov because the apartment is not his dwelling house or abode.[28] Plaintiff did not substantially comply with the Oklahoma Pleading Code, so service on Mominov was not sufficient. [29]

Rather than providing any argument to the contrary, Plaintiff instead argues that Defendants cannot contend that their removal was timely based on insufficient service because they did not raise the argument in a 12(b)(5) motion or in state court.[30] This argument is unpersuasive. To be sure, Defendants have waived any argument of improper service as a *defense*.[31] But that is not Defendants' argument here. There is nothing in the

---

[26] Mominov Affidavit (Dkt. 13, Ex. 7). *See Graff*, 814 P.2d at 494–95.

[27] Lease (Dkt. 13, Ex. 6).

[28] *See* Okla. Stat. tit. 12, § 2004(C)(2)(c); *S.E.C. v. Marino*, 29 F. App'x 538, 540 (10th Cir. 2002) (unpublished) (defining place of abode as a place where "he or she 'is actually living, except for temporary absences, at the time service is made'" (citations omitted and cleaned up)).

[29] *See Hukill*, 542 F.3d at 802 ([B]ecause [the plaintiff's] attempted service by mail was accepted by an unauthorized person, it did not substantially comply with the statute and was invalid." (citing *Ferguson Enters., Inc. v. H. Webb Enters., Inc.*, 13 P.3d 480, 484 (Okla. 2000) and *Graff*, 814 P.2d at 490)); *Velasco*, 457 P.3d at 1018. *See also Stillwater Med. Ctr. Auth. v. Winchester Glob. Tr. Co. Ltd.*, No. CIV-19-954-G, 2020 WL 5823541, at *1 (W.D. Okla. Sept. 30, 2020).

[30] Pl.'s Reply (Dkt. 16), at 1–3.

[31] *See* Fed. R. Civ. P. 12(h)(1); *Federal Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 175 (10th Cir. 1992) ("If a party files a pre-answer motion and fails to assert the

language of 12(h) that implies that a court cannot consider the sufficiency of service to determine the timeliness of removal.[32]

As Mominov was not properly served, his removal window did not begin to run on February 26, 2024. However, Mominov waived service of process in his Notice of Removal, which did trigger his removal window.[33] For this reason, Mominov's removal, and Globe Transportation's consent to removal, was timely.

Because Defendants' removal was timely, Plaintiff is not entitled to an award of attorney's fees and costs.

### Conclusion

For the reasons given above, the Court concludes that Defendants timely removed this action. Plaintiff's Motion to Remand (Dkt. 9) is **DENIED**.

**IT IS SO ORDERED** this 5th day of November 2024.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

defenses of lack of personal jurisdiction or insufficiency of service, he waives these *defenses*." (emphasis added) (citing Fed. R. Civ. P. 12(b), (h))).

[32] *See Tinoco v. Thesis Painting Inc.*, No. GJH-16-752, 2016 WL 6495428, at *2 (D. Md. Nov. 1, 2016) ("A failure to include improper service in a Motion to Dismiss does not preclude the court from considering service when deciding whether or not removal was timely."). *See also* 28 U.S.C. § 1448 (permitting new service of process after removal if process prior to removal proves to be defective).

[33] *Garcia v. Martinez*, 414 F. Supp. 3d 1348, 1354 (D.N.M. 2019) (holding that "[b]ecause waiver acts as a substitute for service, the removal clock was triggered" when the defendants filed a waiver of service). *See Murphy Bros.*, 526 U.S. at 350.