# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| VICKIE RENEE AUSTIN, Independent Administrator of the ESTATE OF CONRAD ROGERS, SR., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-24-333-PRW |
| TONY C. AGHAJI ENWEREMADU, et al., | ) ) ) | |
| Defendants. | ) ) | |

## ORDER

Before the Court is Defendant Bakhtierzhon Mominov's Motion to Dismiss Amended Complaint (Dkt. 12). This matter is fully briefed. For the reasons stated below, Defendant Mominov's Motion (Dkt. 12) is **GRANTED IN PART** and **DENIED IN PART**.

### *Background*

This case arises from an accident involving a car and a tractor-trailer. As alleged in the Amended Complaint, Defendant Conrad Rogers, Sr. was driving his vehicle on northbound I-35 in Gavin County, Oklahoma when he approached a construction zone. He came to a stop, but the tractor-trailer behind him, driven by Defendant Enweremadu, did not. The tractor-trailer drove over Condrad's vehicle, killing both Conrad and his wife.

Defendant Enweremadu was employed by Defendant Globe Transportation, Inc. at the time of the accident. Defendant Mominov—an Illinois citizen—is an owner and officer

1

of Globe Transportation, and the owner of the tractor-trailer that was involved in the accident.

Plaintiff filed this case on behalf of Conrad Sr.'s estate on February 20, 2024, in the District Court of Garvin County, Oklahoma, asserting claims against Defendants Globe Transportation Inc., Bakhtierzhon Mominov, Tony C. Aghaji Enweremadu, John Does 1-20, and John Doe Companies 1-20 (Dkt. 1-1). Defendants Globe Transportation and Mominov removed the case to this Court on the basis of diversity of citizenship on April 3, 2024 (Dkt. 1). Defendant Mominov then filed his Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), arguing that the Court lacks personal jurisdiction over him and that he is an improper party to this action.

## I.    Personal Jurisdiction

### *Legal Standard*

In considering a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the Court must take as true all well-pleaded facts alleged in the complaint.[1] Plaintiff bears the burden of establishing personal jurisdiction, but at this stage she need only make a prima facie showing.[2] "[P]laintiff may defeat a motion to dismiss by presenting evidence—either uncontested allegations in its complaint or evidence in the form of an affidavit or declaration—'that if true would support jurisdiction over the defendant.'"[3]

---

[1] *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008).

[2] *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995) (citations omitted).

[3] *Eighteen Seventy, LP v. Jayson*, 32 F.4th 956, 964 (10th Cir. 2022) (quoting *XMission, L.C. v. Fluent LLC*, 955 F.3d 833, 839 (10th Cir. 2020)).

"To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show that jurisdiction is legitimate under the laws of the forum state *and* that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment."[4] Because Oklahoma's long-arm statute extends personal jurisdiction to bounds "consistent with the Constitution of [Oklahoma] and the Constitution of the United States,"[5] the analysis "'collapses into a single due-process analysis' under the Constitution."[6]

For a Court to exercise specific personal jurisdiction over a non-resident defendant,[7] that defendant must have "'minimum contacts' with the forum state, such that having to defend the lawsuit there would not offend traditional notions of fair play and substantial justice."[8] In other words, "the contacts with the forum State must be such that the defendant 'should reasonably anticipate being haled into court there.'"[9] "[T]he 'minimum contacts' standard requires, first, that the out-of-state defendant must have 'purposefully directed' its activities at residents of the forum state, and second, that the plaintiff's injuries must

---

[4] *Far W. Cap., Inc. v. Towne*, 46 F.3d 1071 (10th Cir. 1995) (citing *Rambo v. Am. So. Ins. Co.*, 839 F.2d 1415, 1416 (10th Cir. 1988)) (emphasis in original).

[5] OKLA. STAT. tit. 12, § 2004(F).

[6] *United States v. Botefuhr*, 309 F.3d 1263, 1271 (10th Cir. 2002) (quoting *Rambo*, 839 F.2d at 1416).

[7] Plaintiff concedes that the Court lacks general personal jurisdiction over Mominov.

[8] *Eighteen Seventy*, 32 F.4th at 965 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)) (cleaned up).

[9] *XMission, L.C. v. Fluent LLC*, 955 F.3d 833, 839–40 (10th Cir. 2020) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

'arise out of' [a] defendant's forum-related activities."[10] This analysis must be performed for each claim asserted.[11]

Where, as here, a plaintiff seeks to exercise jurisdiction over the representative of a corporation, such jurisdiction "may not be predicated on jurisdiction over the corporation itself."[12] Rather, "jurisdiction over the individual officers and directors must be based on their individual contacts with the forum state."[13]

### Discussion

The parties largely contest whether Mominov "purposefully directed" any activities at Oklahoma. Plaintiff solely relies on the contentions in her Amended Complaint to support her prima facie showing. But, to the extent that they are uncontroverted by Defendant's affidavit, the Court must accept her well-pled allegations as true.[14]

The facts here are slim. It is uncontested that Mominov is the owner of the tractor-trailer. Beyond owning the tractor-trailer, the only other fact set forth by Plaintiff to establish personal jurisdiction over Mominov is an allegation that Mominov was the manager of Globe Transportation, and as manager, he:

> was responsible for, and oversaw, all aspects of management of Defendant Globe Transportation, Inc., including overseeing compliance with all

---

[10] *Dudnikov*, 514 F.3d at 1071 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)).

[11] *Dental Dynamics, LLC v. Jolly Dental Grp., LLC*, 946 F.3d 1223, 1228 (10th Cir. 2020) (citations omitted).

[12] *Ten Mile Indus. Park v. W. Plains Serv. Corp.*, 810 F.2d 1518, 1527 (10th Cir. 1987).

[13] *Id.*

[14] *Id.* at 1524 (citing *Behagen v. Amateur Basketball Ass'n of U.S.A.*, 744 F.2d 731, 733 (10th Cir. 1984), *cert. denied*, 471 U.S. 1010 (1985)).

Federal, State, and Local laws applicable to commercial vehicles owned by Defendant Mominov and/or Globe Transportation, hiring, training, and supervising Defendant Globe Transportation, Inc.'s drivers, scheduling the shipments of Globe Transportation Inc.'s fleet, coordinating and deciding the routes which the trucks would take to deliver their shipments, and assigning drivers to make deliveries for shipments via the routes chosen by Defendant Mominov.[15]

Plaintiff alleges that in the alternative, Mominov "had knowledge of and consented to Defendant Enweremadu's route, which Defendant Mominov knew would place him on the streets and highways of Oklahoma."[16]

In response to Plaintiff's allegation that Mominov is the owner of the tractor-trailer, Mominov submitted an affidavit stating that he leased the tractor-trailer to Globe Transportation, more than a year prior to the accident.[17] And Plaintiff did not respond to or contest this fact. Thus, the only allegations remaining in the Amended Complaint to support the exercise of personal jurisdiction over Mominov are allegations of acts taken in Mominov's role as a manager of Globe Transportation.

Mominov urges the Court to apply the "harmful effects" test to analyze whether these contacts are sufficient to conclude that Mominov has purposefully directed his tortious activities to Oklahoma. The Tenth Circuit has questioned the applicability of this framework outside the context of intentional torts.[18] But because Plaintiff does not contest

---

[15] Pl.'s Am. Compl. (Dkt. 8), ¶ 6.

[16] *Id.*

[17] Affidavit of Bakhtierzhon Mominov (Dkt. 12-1), ¶ 10.

[18] *See Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 916 n.34 (10th Cir. 2017) ("[T]here is reason to question [*Calder's*] applicability in" the context of a strict liability claim.); *Dental Dynamics*, 946 F.3d at 1231 ("[The harmful effects] framework for analyzing personal jurisdiction in the *intentional tort* context stems from the Supreme

the harmful effect framework's application and solely relies on *Spak v. Riturani*[19]—a case which likewise applies the harmful effects framework—for her purposeful direction argument, the Court will limit its analysis accordingly.[20] Thus, to show that Mominov purposefully directed his activities at Oklahoma, Plaintiff's allegations must show: "(1) an intentional action; (2) expressly aimed at the forum state; and (3) with knowledge that the brunt of the injury would be felt in the forum state."[21]

Applying the harmful effects test to Plaintiff's allegations, Plaintiff's argument fails at the first prong. The only claim against Mominov appears to be for negligent entrustment

---

Court's decision in *Calder v. Jones*[.]" (emphasis added)); *see also Holland Am. Line Inc. v. Wartsila N. Am., Inc*., 485 F.3d 450, 460 (9th Cir. 2007) (declining to apply the *Calder* effects test to negligence claims). *Calder* itself specified that the claim at issue was not "mere untargeted negligence" but rather "intentional, and allegedly tortious, actions." *Calder v. Jones*, 465 U.S. 783, 789 (1984).

[19] No. 1:22-cv-00201-KWR-SCY, 2022 WL 3715808 (D.N.M. Aug. 29, 2022).

[20] *Id.* at *5. *See Eighteen Seventy, LP v. Jayson*, 32 F.4th 956, 966 n.9 (10th Cir. 2022) ("[The plaintiffs] bear the burden of proof on the jurisdictional question, and they have elected to rely on the tort-based effects test on appeal." (internal citation omitted)); *Dudnikov*, 514 F.3d at 1071 ("While we do not imagine that *Calder* necessarily describes the only way to satisfy the purposeful direction test, because plaintiffs assert it provides the key to unlocking the courthouse door for them, we are able to limit our attention in this case to *Calder's* demands.").

[21] *Dental Dynamics*, 946 F.3d at 1231 (citations omitted).

of the tractor-trailer.[22] And claims for negligence generally "do not involve intentional or wrongful conduct."[23]

Further, the second prong of the harmful effects test requires that "a defendant's allegedly tortious actions must be 'expressly aimed' at the forum state."[24] In analyzing this element, the Tenth Circuit has taken a "'somewhat . . . restrictive approach' regarding [the] focal point analysis," consequently ensuring "that 'an out-of-state defendant is not bound to appear to account for merely "random, fortuitous, or attenuated contacts" with the forum state.'"[25] At most, Plaintiff alleges that Mominov determined that the tractor-trailer would be driven by Enweremadu through Oklahoma on its journey to another destination. Even assuming that this is a sufficient intentional act, this fact alone is insufficient to conclude that Mominov expressly aimed his alleged negligent entrustment at Oklahoma.

The mere fact that Mominov could potentially foresee that an accident could happen in Oklahoma is not enough.[26] Without more, the contacts alleged by Plaintiff are too

---

[22] Upon a liberal reading of Plaintiff's Amended Complaint, Plaintiff may also be alleging a claim against Mominov for negligent hiring. However, in her Response, Plaintiff specifically focuses attention on the negligent entrustment claim by bolding it. Pl.'s Resp. (Dkt. 17), at 3. It is Plaintiff's burden to make a showing as to each claim alleged. *See Dental Dynamics*, 946 F.3d at 1228 (citation omitted). Regardless, the analysis for any negligent hiring claim would be the same as it is also a negligence claim.

[23] *Speedsportz, LLC v. Menzel Motor Sports, Inc.*, No. 07-CV-624-TCK-TLW, 2009 WL 2921295, at *9 (N.D. Okla. Sept. 8, 2009). *See 24-7 Mach., LLC v. Warren Power & Mach., Inc.*, No. CIV-23-159-PRW, 2024 WL 1183071, at *3 (W.D. Okla. Mar. 19, 2024) ("[N]egligence claims generally do not involve 'intentional action.'").

[24] *Eighteen Seventy*, 32 F.4th at 968–69 (citing *Calder*, 465 U.S. at 789).

[25] *Id.* (quoting *Dudnikov*, 514 F.3d at 1071, 1074 n.9) (other citation omitted).

[26] *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295 (1980) ("'[F]oreseeability' alone has never been a sufficient benchmark under the Due Process

attenuated to support the exercise of personal jurisdiction over Mominov. Though the burden is light,[27] Plaintiff has failed to make a prima facie showing that the Court has personal jurisdiction over Mominov.[28]

Mominov, however, requests dismissal *with* prejudice. Because dismissal for lack of personal jurisdiction is generally without prejudice,[29] the Court sees no reason to deviate here. Plaintiff's claims against Mominov are dismissed without prejudice.

## II.    Failure to State a Claim

Though the Court concludes that it lacks personal jurisdiction over Mominov, Mominov's 12(b)(6) argument provides an alternate basis for dismissal.

### *Legal Standard*

In reviewing a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the Court must satisfy itself that the pleaded facts state a claim that is plausible.[30] As with Rule 12(b)(2), when

---

[27] *Doe v. Nat'l Med. Servs.*, 974 F.2d 143, 145 (10th Cir. 1992).

[28] Because the Court concludes that Mominov lacks sufficient minimum contacts with Oklahoma to support the exercise of specific personal jurisdiction, it need not analyze whether the exercise of personal jurisdiction would offend the traditional notions of fair play and substantial justice. *See Dudnikov*, 514 F.3d at 1080 (analyzing whether the exercise of specific jurisdiction would offend the traditional notions of fair play and substantial justice after concluding that the plaintiffs met their burden at the minimum contacts stage); *Eighteen Seventy*, 32 F.4th at 979–80 (ending its analysis after concluding that the plaintiff's were unable to establish that the defendant's actions were expressly aimed at the forum state).

[29] *See Hollander v. Sandoz Pharms. Corp.*, 289 F.3d 1193, 1216 (10th Cir. 2002) (citations omitted).

[30] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

considering a motion under Rule 12(b)(6), the Court accepts the well-pleaded allegations of the complaint as true and construes them in the "light most favorable to the plaintiff."[31] While factual allegations are taken as true, a court need not accept mere legal conclusions.[32] Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient.[33]

### *Analysis*

Mominov argues that, even if the Court concludes that it has personal jurisdiction over him, Plaintiff's claims against him are barred by 12 O.S. §682(B). This statute states:

> No suit or claim of any nature shall be brought against any officer, director or shareholder for the debt or liability of a corporation of which he or she is an officer, director or shareholder, until judgment is obtained therefor against the corporation and execution thereon returned unsatisfied. This provision includes, but is not limited to, claims based on vicarious liability and alter ego. Provided, nothing herein prohibits a suit or claim against an officer, director or shareholder for their own conduct, act or contractual obligation, not within the scope of their role as an officer, director or shareholder, arising out of or in connection with their direct involvement in the same or related transaction or occurrence.

Plaintiff argues in response that her claim against Mominov for his negligent entrustment as the owner of the tractor-trailer is not barred by this statute.

Plaintiff is correct that section 682(B) does not prevent a person from being sued directly for their own conduct "not within the scope of their role as an officer, director or

---

[31] *Sunrise Valley, LLC v. Kempthorne*, 528 F.3d 1251, 1254 (10th Cir. 2008) (quoting *United States v. Colo. Sup. Ct.*, 87 F.3d 1161, 1164 (10th Cir. 1996)).

[32] *Khalik v. United Air Lines*, 671 F.3d 1188, 1190–91 (10th Cir. 2012).

[33] *Id.* (quoting *Twombly*, 550 U.S. at 555).

shareholder[.]"[34] However, beyond stating that Mominov owns the tractor-trailer, the only allegations contained in the Amended Complaint regarding Mominov's negligent entrustment are for actions taken by Mominov on behalf of Globe Transportation in his role as an officer.[35] As such, these claims against Mominov are premature.[36] So even if the Court had personal jurisdiction over Mominov, Plaintiff's claims would alternatively be barred by Oklahoma law as premature because they allege acts taken by Mominov arising out of his role as an officer of Globe Transportation, which is precluded by § 682 until "judgment is obtained therefor against the corporation and execution thereon returned unsatisfied."[37]

---

[34] OKLA. STAT. tit. 12, § 682(B).

[35] *See* Pl.'s Am. Compl. (Dkt. 8), ⁋ 6.

This determination is made without any consideration of Mominov's affidavit, which states that he leased the tractor-trailer to Globe Transportation, Inc., because the lease was not identified in or attached to Plaintiff's Amended Complaint. *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (internal citations omitted) (explaining that a court may consider documents attached as exhibits to the complaint, or referenced therein).

[36] *See See also ZHN, LLC v. Randy Miller, LLC*, No. CIV-12-1289-M, 2015 WL 1033080, at *2 (W.D. Okla. Mar. 9, 2015) (finding that claims against the sole member of an LLC were barred when all of the conduct alleged in the complaint was done on behalf of the entity, and the complaint alleged that the entity was the alter ego of the individual defendant); *Springdale OK Spe LLC v. Wehner Multifamily LLC*, No. CIV-21-00543-PRW, 2022 WL 264553, at *2–3 (W.D. Okla. Jan. 27, 2022) (finding that claims against a principal member of an LLC were barred when the complaint failed to allege any conduct taken by the member outside their role as principal member or president of the entity); *Dennis v. Good Deal Charlie, Inc.*, No. 20-CV-00295-GKF-JFJ, 2021 WL 815841, at *6–7 (N.D. Okla. Mar. 3, 2021) (finding that § 682(B) barred the plaintiff's claims because the plaintiff failed to allege any tortious conduct done outside the defendant's role as an officer).

[37] OKLA. STAT. tit. 12, § 682(B).

*Conclusion*

For the reasons given above, Defendant Mominov's Motion to Dismiss (Dkt. 12) is

**GRANTED IN PART** and **DENIED IN PART**. Plaintiff's claims against Defendant

Mominov are **DISMISSED** without prejudice.

**IT IS SO ORDERED** this 6th day of February 2025.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE